UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAFACE RECORDS LLC, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN DOES 1-51,<br><br>    Defendants. | Civil Action No. 08-1569 (CKK) |

MEMORANDUM OPINION
(October 6, 2008)

Before the Court is Plaintiffs' [3] Motion for Leave to Take Immediate Discovery. Plaintiffs are record companies suing a series of John Doe Defendants for copyright infringement. *See* Pls.' Mot at 1. Plaintiffs request permission to serve limited, immediate discovery on Verizon Internet Services, Inc. ("Verizon"), a third party internet service provider ("ISP"), in the form of a Rule 45 subpoena. *See* Pls.' Mot. at 2-3. Plaintiffs seek the true identities of Defendants, including each Defendant's true name, current and permanent addresses, telephone numbers, email addresses, and Media Access Control ("MAC") addresses. *Id.* at 3.

According to Plaintiffs' Complaint, each Defendant used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute these works to the public. *See* Pls.' Mot. at 2. Although Plaintiffs do not know Defendants' names, Plaintiffs have identified each Defendant by a unique internet protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. *Id.* Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that the ISP is Verizon. *Id.*

The Court finds that good cause exists for Plaintiffs' discovery because Defendants must be identified before this suit can progress further.  *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-9 (D.D.C. Apr. 28, 2008) (Kollar-Kotelly, J.).  The Court shall therefore grant Plaintiffs' request for immediate discovery, with certain limitations outlined herein.  Plaintiffs shall be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current and permanent addresses, telephone numbers, email addresses, and Media Access Control addresses.  Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint.

If and when Verizon is served with a subpoena, Verizon shall give written notice, which may include email notice, to the subscribers in question within five business days.  If Verizon and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service.  Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.  Plaintiffs shall provide Verizon with a copy of this Memorandum Opinion and accompanying Order along with its subpoena.

Date:   October 6, 2008

                                        */s/*
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge